Manuel de J. Canino, peticionario, *v.* Tribunal de Expropiaciones de Puerto Rico, Hon. P. Santos Borges, Juez, demandado; El Pueblo de Puerto Rico, representado por el Gobernador de Puerto Rico, Hon. Jesús T. Piñero, interventor.

Núm. 1782.—*Sometido:* Abril 21, 1949. *Resuelto:* Junio 24, 1949.

*Córdova & González* y *Alberto Picó*, abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco* y *F. Navarro Mendía* y *Alejandro Romanace, Procuradores Generales Auxiliares*, abogados del interventor, demandante en el pleito principal.

.El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El Pueblo de Puerto Rico inició acción de expropiación forzosa contra el aquí peticionario, alegando que la propiedad objeto de la expropiación valía cierta cantidad de dinero y depositó la misma a la disposición del demandado. Éste, en su contestación, alegó que el valor de la propiedad era mayor que la suma depositada. Los abogados del Gobierno radicaron entonces una moción solicitando una exposición más específica en cuanto al valor de la propiedad expropiada, con el fin de ponerse en condiciones de formular una alegación responsiva y de organizar la prueba de su caso.

El Tribunal de Expropiaciones declaró con lugar la moción antes referida y el demandado solicitó de este Tribunal un auto de *certiorari* para revisar la resolución.

De acuerdo con la Regla 7(*a*) de las de Enjuiciamiento Civil, por lo general, hay dos alegaciones: la demanda y la contestación. Y la Regla 12(*e*) dispone que procederá una moción para solicitar una exposición más definida o especificación de particulares para responder a una alegación, cuando los hechos no se exponen con tal exactitud o particularidad que permitan formular adecuadamente la alegación responsiva. En el presente caso, El Pueblo radicó su demanda y el demandado su contestación. Y de acuerdo con el caso de *Pueblo* v. *García,* 66 D.P.R. 504, a los efectos de

la valoración de una propiedad expropiada, el demandado se convierte en demandante y la contienda queda trabada cuando el demandado alega que no está conforme con la cantidad depositada por El Pueblo. De manera, pues, que el Gobierno no tenía ya que radicar ninguna otra alegación responsiva, para lo cual pudiera necesitar que se hiciese más específica la contestación. Es más, a menos que la alegación sea tan intrincada que sea indispensable la concesión de una orden para hacer más definida una alegación, ésta no será concedida por la corte.

En cuanto al segundo fundamento alegado por El Pueblo, es decir, que necesitaba dicha información para organizar su prueba, la Regla 12(e) de las de Enjuiciamiento Civil vigentes en esta jurisdicción, no contiene la disposición que aparecía originalmente en la regla federal correspondiente que concedía el derecho a solicitar particulares para facilitar la preparación de la prueba para juicio.(¹)

Para esos efectos no procede una orden para hacer más específica la alegación. El remedio lo encontrará el demandante en las Reglas 26-37 de Enjuiciamiento Civil, bajo el epígrafe de "Deposiciones y Descubrimiento de Pruebas". *Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 844; 2 Moore's *Federal Practice* (2a. ed.) Regla 12(e), pág. 2278 *et seq.* y casos citados, comentando la regla federal, luego de haber sido enmendada, según aparece explicado en la nota I de esta opinión.

Por lo expuesto, somos de opinión que la moción solici-

(¹)A pesar de esa disposición expresa, las cortes federales no la seguían y continuamente se negaban órdenes para hacer más definidas las alegaciones con el propósito de prepararse para juicio. 1 Moore's *Federal Practice* (1a. ed.) Regla 12(e), 1947 *Cum. Supp.*, págs. 297-299, nota 3. La razón que aducían las cortes federales para negar esas órdenes era que tal práctica no se avenía con uno de los propósitos fundamentales de las reglas de Enjuiciamiento Civil, cual es acelerar los trámites judiciales, ya que de concederse una orden para hacer más específica una alegación, el término para contestarla no comienza a correr hasta que la alegación se hace más definida.

El 19 de marzo de 1948 entró en vigor una enmienda eliminando de la regla federal la referida disposición.

tando una especificación de particulares era improcedente y erró el Tribunal inferior al concederla.

*Se anulará la resolución recurrida y devuélvanse los autos al Tribunal de Expropiaciones para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Negrón Fernández se inhibió.