SUCESIÓN DE PEDRO ROMERO MONTAÑEZ, compuesta de sus hijos BLANCA y BEATRIZ ROMERO MUÑOZ y su viuda JUANA MUÑOZ VIUDA DE ROMERO, peticionarias, *v.* TRIBUNAL DEL DISTRITO JUDICIAL DE SAN JUAN, HON. P. PÉREZ PIMENTEL, JUEZ, demandado; PEDRO RODRÍGUEZ RIVERA, interventor.

Núm. 1854.—*Sometido:* Junio 13, 1950. *Resuelto:* Agosto 4, 1950.

*F. Fernández Cuyar,* abogado de los peticionarios; *Félix Ocho-teco, Jr.,* abogado del interventor, demandado en el pleito principal.

*PER CURIAM:* Las peticionarias en el presente caso radicaron demanda de daños y perjuicios en la que el aquí interventor es codemandado. El otro demandado contestó, pero el interventor solicitó especificación de particulares, habiendo la corte a quo declarado con lugar su moción a ese fin. Para revisar la actuación de la corte inferior expedimos auto de *certiorari.*

 Los particulares solicitados fueron al efecto de que se expresara en qué consistía la negligencia alegada y cuál era el concepto de los supuestos daños. Las alegaciones de la demanda pertinentes se copian en nota al calce de esta opinión. (¹)

Sostiene el interventor que debemos anular el auto expedido por el fundamento de que el caso de *Canino* v. *Tribunal de Expropiaciones,* 70 D.P.R. 152, en el que nos basamos para expedirlo, es distinguible del presente y de que la concesión de particulares es una cuestión discrecional en la corte de instancia.

La distinción que hace el interventor entre el caso de *Canino* y el de autos consiste en que en aquél los particulares fueron solicitados por El Pueblo, luego que Canino había contestado la demanda de expropiación, y en tal situación El Pueblo no tenía que radicar alegación otra alguna para lo cual necesitara particulares. Pero si bien esto es cierto, en

---

(¹) Las alegaciones pertinentes de la demanda son:

"2. Pedro Romero Montañez fué arrollado el día 9 de enero de 1949, entre una y dos de la mañana, en la Calle Labra de esta ciudad, por el taxímetro marca Plymouth, Licencia P-24050, propiedad del demandado Vélez Posada y manejado entonces por su empleado Dulcidio Arroyo· Miranda mientras actuaba como tal empleado en la empresa de transportación de pasajeros a que se dedica Vélez Posada, habiendo ocurrido el arrollamiento al cruzarse el taxímetro referido con el automóvil Studebaker, Licencia 12990, propiedad del demandado Rodríguez Rivera en el que viajaba éste, habiendo ambos vehículos por su negligencia ocasionado el arrollamiento de dicho Pedro Romero Montañez.

"4. Con motivo de la muerte violenta de su causante, los demandantes han sufrido daños y perjuicios en la suma de veinte mil dólares ($20,000)."

dicho caso aparece un *dictum*, que ahora expresamente raticamos, al efecto de que: "Es más, a menos que la alegación sea tan intrincada que sea indispensable la concesión de una orden para hacer más definida una alegación, ésta no será concedida por la corte." Claramente se expone, pues, en dicho dictum la doctrina sostenida por Moore en el sentido de que a menos que la· alegación sea tan vaga y ambigua que impida contestar la demanda, no procede la moción de especificaciones. 2 Moore's *Federal Practice* (2da. ed., 1949), sec. 12.17, pág. 2281. Y ya hemos visto, que las alegaciones de la demanda en controversia son claras y precisas y pueden ser negadas sin necesidad de que se especifique en qué consistió la negligencia y cómo se descomponían los daños reclamados.

La discreción que pueda tener una corte para conceder mociones de especificaciones no ha de ser tal que derrote el propósito de las reglas de simplificar y aligerar los procedimientos. Establecido que las mociones de especificaciones sólo proceden cuando la demanda es tan ambigua y vaga que haga imposible que se pueda contestar, abusa de su discreción una corte que las concede cuando la demanda no adolece de ese defecto.

La especificación de particulares en cuanto a los daños sólo procede cuando se alegan daños especiales y en el presente no se alegaron. 2 Moore's *Federal Practice* (2da. ed., 1949), sec. 12.18, pág. 2305.

*Procedé anular la resolución recurrida y devolver el caso para ulteriores procedimientos consistentes con esta opinión.*