MR. JUSTICE SHEA
delivered the opinion of the Court.
Adeline Donnes, the owner of ranch land in Yellowstone County, appeals for a judgment of the Yellowstone County District Court, entered on the basis of a jury verdict awarding her $ 10,653.38 for land condemned by the State of Montana.
The landowner asks for a new trial on three grounds. She contends first, that the trial court erred in refusing her testimony as to the depreciation in value to the land remaining after the take; second, that the trial court erred in refusing her testimony as to an alleged comparable sale; and third, that the jury failed to award her damages for what she contends is a permanent impairment of the ranching operation. She argues alternatively for a remand, contending that she is entitled to recover attorney fees and expenses of litigation. We affirm the judgment of the trial court.
*340 The ranch land involved was condemned to obtain property for a four-lane interstate highway. The highway project bisected the landowner’s property from the west to the east, leaving the property connected by a livestock tube or tunnel. The landowner’s property consists of approximately 1,435 acres and is used for a cow-calf ranching operation. The amount of land actually taken by the State was 80.3 acres. All previously existing stocktrails and other points of access to the portion of land lying to the north of the interstate were cut off by the highway project. In order to provide access from the property north of the interstate to the property south of the interstate, the State constructed a tunnel or livestock tube in one of the coulees. The interstate split the winter range into two parts, the north portion and the south portion. All of the water wells for the winter range were located on the south portion. All of the land immediately to the north of the interstate was sealed off without any water for the livestock, necessitating the construction of a well on the north portion.
The landowner concedes that she was permitted to testify to the value of her land for the purposes it was then being used, but contends that the trial court should have permitted her to go an additional step and testify to the depreciated value of the ranch land after the condemnation. The landowner can, of course, testify as to the reasonable value of the land according to the uses it is then being put, but ownership alone does not qualify one to testify as to its value for other purposes. In such event the landowner must have some peculiar means of forming an intelligent and correct judgment as to the value of the property in question beyond what is presumed to be possessed by men generally. State Highway Commission v. Marsh (1974), 165 Mont. 198, 203, 527 P.2d 573, 575. The landowner contends that the trial court erred in not permitting her to testify to the resulting depreciation in value of the ranch caused by the taking of the 80.3 acres. We determine, however, that in light of the landowner’s own testimony, the ruling of the trial court was correct.
The landowner made an offer of proof to the effect that the depreciation of the property in total, based on the total cow-calf *341 operation, was $40,000. In not permitting the landowner to testify as to this, the trial court ruled that she had failed to lay a proper foundation, but that if she could do so at any time during the trial, such testimony would be permitted. She offered no additional foundation.
It is clear that the landowner possessed no peculiar means of forming an intelligent and correct judgment as to the value of the property beyond what is presumed to be possessed by men generally. She did not testify to the value of the remaining land after the take. She testified that she did not personally operate the ranch. Although she testified at length concerning solutions or cures to the problem created by the interstate dividing the ranch land, she was unable to estimate the necessary costs to make the corrections. Nor could she assign a monetary value to the effect of the change in operations, as it related to the total value of the ranch. Indeed, when asked her opinion as to the value of the remaining land after the take, she testified it was too difficult to give such an opinion and declined to do so. Under these circumstances, the ruling of the trial court was correct.
In 1962, the landowner purchased grazing land from the State, and she wanted to testify as to the price she paid for this land. However, the trial court refused her testimony, ruling that the 1962 purchase was not a comparable sale in relation to the land involved here that was being condemned by the State. The landowner offers no reasonable rationale as to why she should have been permitted to so testify, and we find none.
The third contention of the landowner is that she was entitled as an element of depreciation damages, to damages for permanent impairment of the ranching operation, but that the jury only allowed her the cost of a well on the north portion of the remaining land. Although permanent interference with farming or ranching, as opposed to temporary interference or inconvenience to farming or ranching operations, is recognized as an element of compensation, Meagher Cty. Newlan Creek Water Dist. v. Walter *342 (1976), 169 Mont. 358, 364, 547 P.2d 850, 854, the facts here fully support the jury verdict.
The heart of the landowner’s case consisted of the measures or methods needed to cure the problems created by splitting the land into a north and south portion, joined only by a tunnel. Witnesses for both sides testified at length concerning the effect of the construction of the interstate on the cow-calf operation, but little evidence exists as to the permanent impairment of the ranching operation.
It cannot be doubted that the livestock tube constructed to provide access from the north portion to the south portion of the property created some inconvenience, but it did not, however, constitute a permanent impairment of the ranching operation. The land on the north side of the interstate was separated from the water wells on the south side, except for the access provided by the livestock tube. An expert witness for the landowner testified that after the construction of an electric water well on the north portion of the property, the value of the land on which it was constructed would be just as high as it was before the condemnation. Although an element of inconvenience surely exists, we cannot say than an element of permanent impairment exists. The facts of this case did not compel the jury to award damages for permanent impairment.
The final issue raised by the landowner is that she is entitled, under section 70-30-305, MCA, to an award of reasonable attorney fees and the costs of litigation in addition to the amount of the jury’s verdict. By this statute, attorney fees and the expenses of litigation go to the landowner in addition to the amount of the jury verdict, if the landowner receives an award in excess of the State’s final offer. The contention here is that the State’s offer of $6,000, made prior to the date of the commissioner’s value hearing, must be the one used in comparing it to the jury’s verdict of $ 10,653.38. This analysis, however ignores the statute and the case law governing the situation.
The right to recover necessary costs of litigation, as provided for by section 70-30-305, MCA, does not vest when the suit is *343 filed, but vests only when the private property owner prevails, securing a higher verdict than the State’s final offer. State Department of Highways v. Olsen (1975), 166 Mont. 139, 146, 531 P.2d 1330, 1334. Under subsection 2 of this statute, to prevail means that the property owner must receive an award in excess of the final offer of the State. State By And Through Dept. of Highways v. Burlingame (1979), 185 Mont. 223, 597 P.2d 51, 55.
The State is not confined, as the landowner contends, to the offer of $6,000 made before the commissioner’s value hearing. Rather, the State may make an offer at any time before the trial starts. State, Department of Highways v. Olsen, supra, 166 Mont. at 146, 531 P.2d at 1334. The landowner rejected the offer of $6,000, but before the trial started, the State made its final offer of $20,100 which the landowner rejected. It is this final offer which must be measured against the jury verdict. Clearly, therefore, the landowner is not entitled to attorney fees and expenses of litigation. The State’s offer exceeded the jury verdict.
The judgment of the District Court is affirmed.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE HARRISON concur.