No. 85-270

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

STATE OF MONTANA, acting by and
through the DEPARTMENT OF HIGHWAYS
of the State of Montana,

      Plaintiff and Respondent,

  -vs-

ADELINE DONNES and JOSEPH RUFF,

      Defendants and Appellants.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Charles Luedke, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Peterson, Schofield & Leckie; K. D. Peterson,
Billings, Montana

    For Respondent:

        M. Gene McLatchy, Dept. of Highways, Helena, Montana

---

Submitted on Briefs: Sept. 19, 1985

Decided: December 30, 1985

Filed: DEC 30 1985

_Edward M. Harrison_

              Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Adeline Donnes appeals from a judgment of the District Court, Thirteenth Judicial District, Yellowstone County, awarding her $700 as just compensation for the temporary taking of a haul road on her ranch east of Billings.

Appellant alleges that the District Court erred in failing to award her all of the damages she suffered from the haul road and gravel removal operations of the State Highway Department. The State does not appeal any portion of the award.

Certain findings by the District Court are fatal to appellant's position and there is nothing in this appeal to counter those findings. We affirm the award of the District Court.

The following facts are not in dispute. Donnes owns a ranch between Pompey's Pillar and Custer, Montana. In September 1973, when the condemnation action was filed, her ranch consisted of about 2,100 acres of deeded land and 200 acres of land leased from the State of Montana for agricultural purposes. One provision of this lease reserved to the State the right to enter the land and extract gravel. The lease also allowed appellant to sublease but only on the same terms and conditions as her lease. Appellant paid the State $750 per year (or $3.75 per acre per year) on the lease.

The other defendant in the condemnation action was Joseph Ruff. He leased the deeded acreage of the ranch for an annual rental of $13,000. As part of the lease terms, Ruff ran some cattle owned by Donnes along with his own stock. As to the State lease land, there was no actual sublease but only an understanding that since Joseph Ruff was

running some of defendant's cattle for her, he was free to use the State lease acreage along with the fee land owned by defendant. Ruff paid the annual rental of $13,000 throughout the entire period relevant to this action. Ruff took no part in the condemnation proceedings and claimed no damages.

The Department of State Lands granted the Highway Department the right to extract gravel from forty acres of the state lease for highway construction. In order to access the gravel pit area, the Highway Department needed a temporary haul road across appellant's fee property and began condemnation proceedings for the .54 acres of land required for the road. The District Court issued an order putting the highway in possession in November 1973.

The case proceeded through discovery, negotiations, and value commission hearing after which the commissioners determined appellant was entitled to $1,600 compensation. Donnes appealed to the District Court, and the matter was tried to the court without a jury. The District Court determined that Donnes was entitled to $700 as just compensation for the taking. That award includes $100 for the three-year easement on the haul road and $600 for the loss of use to appellant of forty acres of the state lease land for four years.

On this appeal, Donnes claims that the forty acres of State lease land was worth $6.50 per acre per year rather than the $3.75 per acre per year awarded by the District Court. She also claims that the forty acres was lost to her use for five years rather than the four years found by the District Court. With respect to the remaining 160 acres of State lease land, appellant claims that land was rendered unusable for a period of three years because the unfenced haul road left a forty-foot opening to the interstate through

3

which cattle would run. In addition to the State lease lands, appellant claims 120 acres of her fee land was likewise rendered useless for ranching by the unfenced haul road. Furthermore, appellant alleges that dust from the gravel pit operations covered forage rendering another eighty acres of her land useless for grazing, and that the loss of all of the above land led to the loss of a 120-acre alfalfa field because of overgrazing. Finally, appellant claims that she is entitled to $500 in this action for the cost of replacing a bridge that was destroyed by the Department of Highway's contractor prior to construction of the haul road.

Before dealing with the issues created by appellant's contentions, we first note that the District Court was more than fair to the appellant in considering her arguments. Appellant made more extensive claims against the State in her trial and post-trial submittals than those in the pre-trial order. Even so, the District Court considered the inflated claims in making its determination to insure fairness to Donnes. The State has chosen not to appeal the award, so we will not consider the propriety of these post-trial claim alterations by appellant.

One conclusion by the District Court was particularly damaging to appellant's case. The District Court noted that in condemnation cases, compensation only accrues to the one suffering loss or damage. The District Court then held, and we agree, that when land is leased and any loss or damage from a taking is to a temporary ability to use the land, it is the lessee who is entitled to any compensation. Here, the lessee, Ruff, paid the entire rental of $13,000 per year to Donnes throughout the period for which Donnes is claiming damages. Therefore, any damages for temporary loss of use of

4

the land Ruff leased from Donnes would accrue to Ruff rather than Donnes. In light of this conclusion, we affirm the District Court's denial of Donnes' claim as to the loss of use of the 120 acres because the haul road was not fenced and the eighty acres because of dust.

As noted by the District Court, matters are less clear with respect to the 160 acres of State lease land that Donnes also claims was lost to use because of the unfenced haul road and gravel pit operations. Donnes claims that she was forced to sell some of the cattle she had in Ruff's care because of insufficient forage. However, the District Court was not presented with substantial evidence linking Donnes' cattle sales to the loss of use of this particular 160-acre tract. Nor is there evidence in the record sufficient to establish the extent of Donnes' damages caused by the loss of use of the 160 acres. Indeed, Donnes has not even established that she lost the use of this land. The landowner has the burden in eminent domain proceedings to prove entitlement to just compensation in excess of that offered by the condemnor. State Highway Commission v. Marsh (1974), 527 P.2d 573, 575, 165 Mont. 198. The District Court correctly found that Donnes has not met her burden with respect to the 160-acre tract.

We will next consider the 120 acres of alfalfa that appellant contends was destroyed by overgrazing because the gravel pit activity diminished the availability of other grazing acreage to feed the cattle. This acreage was under lease to Ruff and was under his management. We agree with the District Court that overgrazing of alfalfa to the point of destruction would be a tort or a breach of contract as between Donnes and Ruff. Any responsibility of the State

would be to the lessee, Ruff, who has not claimed any damages. Appellant does not have a compensable claim in eminent domain for any overgrazing of the alfalfa field.

As to appellant's claim that the forty-acre gravel pit area was lost for five years rather than four years as found by the District Court, we must affirm the District Court. The record actually indicates that the area was lost to other uses for a period of only three years. The recontouring and seeding of the excavated area was successful within three years of the time excavation began. Since the State has chosen not to appeal the award of four years rental, we will not reduce appellant's compensation.

Also with regard to the forty-acre pit area, appellant claims that she should have been awarded $6.50 per acre per year rather than the $3.75 per acre per year the District Court awarded her. However, the rent she paid to the State under the terms of her lease with the State for the land was $3.75 per acre per year. Section 77-6-208, MCA, provides that any sublease of State leased lands must not be upon terms less advantageous to the sublessee than the terms given by the State. The lease involved here contains a provision that echoes the statute. Since it was Ruff that actually utilized the land, the only loss possibly suffered by Donnes was what she might have received by subleasing the property. Because of the statute, she could not have subleased the property for more than $3.75 per acre per year. The State has not appealed the issue of whether or not appellant was entitled to any compensation for this land in a condemnation proceeding. Therefore, we will uphold the District Court's determination of just compensation for the gravel pit area.

6

Finally, we get to the $500 claimed by appellant as damages for replacement of the bridge damaged from excessive use by the highway construction contractors. Prior to the taking of the haul road, contractors accessed the gravel pit area by an alternate route which included the bridge. The construction of the haul road ended the need for the contractors to use the bridge route. As such, the taking of the haul road cannot be blamed for damages to the bridge. We agree with Judge Luedke that this eminent domain action for the haul road is not the vehicle by which appellant can recover damages for the bridge.

We affirm the District Court's award of $700 to appellant.

J. A. Turnage
Chief Justice

We concur:

John Conway Harrison

William E. Hunt

Justices

7

Mr. Justice John C. Sheehy, dissenting:

Again this woman has been handed a gross injustice from the court system of Montana. See State v. Donnes (1980), 187 Mont. 338, 609 P.2d 1213.

This woman has been deprived of proper damages in the case at bar because the courts have assumed that the state lands which she leased were subleased to Joseph Ruff. Yet there is no proof of any such sublease. What the record does show is that she leased her deeded lands to Joseph Ruff for a sum of $13,000.00 per year, and that he was permitted to use the state lands. Permissive use does not amount to a sublease.

The amount of the award in this case is grossly inadequate. I would reverse and remand for a new trial.

_____
                Justice