op inió n disidente emitida por la
Jueza Asociada Señora Pabón Charneco.
I
A casi cincuenta (50) años de la expropiación de 337.7227 cuerdas de terreno pertenecientes a la Familia Rosso, uno de sus herederos, la Sra. Carmen T. Rosso (en adelante, peticionaria) nuevamente acude ante nos.(1) Se-ñala como error que se desestimara su demanda y se orde-nara el cierre definitivo y archivo del caso con consecuencia de cosa juzgada.
En la demanda desestimada la peticionaria reclama, inter alia, el derecho preferente a readquirir el remanente de la propiedad expropiada tras el cese de su utilidad pública en conformidad con el Art. 2 de la Ley Núm. 12 de 10 de diciembre de 1975, según enmendada, 28 L.P.R.A. sec. 31a. Anima su solicitud la oferta de venta en pública subasta de estos terrenos por el titular actual, el Banco Gubernamen-tal de Fomento.
Hace cuarenta y cinco (45) años, en E.L.A. v. Rosso, 95 D.P.R. 501 (1967), determinamos, inter alia, que el Estado tenía derecho a retener el título de dominio sobre los bie-nes en controversia, así como el derecho de la Familia Rosso a la justa compensación constitucional. Entonces, es-tábamos convencidos de la utilidad pública de la adquisi-ción de esos bienes. Hoy no pasamos juicio sobre dicho dictamen. Sin embargo, ha surgido una nueva controver-sia: si la desestimación del procedimiento al amparo de la Ley Núm. 12 constituye cosa juzgada. Esta controversia ha quedado opacada, quizás, por las emociones que embargan *197 a la peticionaria tras cincuenta (50) años de procedimien-tos judiciales y que no puede evitar transmitir a través de sus escritos.
En esencia, el foro primario desestimó con perjuicio la acción presentada al amparo de la Ley Núm. 12 ante un dictamen previo que concluía que la ley no aplicaba al caso de autos por no cumplir con los criterios para adquirir el derecho preferente. Esta determinación fue confirmada por el Tribunal de Apelaciones al amparo de la doctrina de la ley del caso. Hoy, este Tribunal confirma la sentencia recu-rrida y, por consiguiente, desestima la demanda con perjuicio. Disiento por considerar que el Tribunal no atiende la controversia ante nos, y por entender que la desestimación de la acción según la Ley Núm. 12 no cons-tituye cosa juzgada de surgir un cambio en las circunstan-cias que active el derecho preferente de readquisición.
II
El poder de expropiación del Estado es un atributo in-herente a su soberanía y, por ende, de superior jerarquía a todos los derechos de propiedad. ACT v. 780.6141m2, 165 D.P.R. 121, 130 (2005). Este queda limitado constitucional-mente, pues “[n]o se tomará o perjudicará la propiedad pri-vada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley”. Art. II., Sec. 9, Const. Puerto Rico, L.P.R.A., Tomo 1, ed. 2008, pág. 323. A su vez, el poder de expropiación lo ejerce la Asamblea Legislativa, ya sea directamente o de-legándolo a otras entidades o funcionarios. Mun. de Guaynabo v. Adquisición M2, 180 D.P.R. 206, 216 (2010). Cabe señalar que su ejercicio conlleva la extinción de todos los derechos anteriores sobre la propiedad. ACT v. 780.6141m2, supra.
Sin embargo, como parte de los poderes del Estado y *198 aun ante la extinción de todo derecho anterior sobre la pro-piedad, la Asamblea Legislativa ha optado por instituir a favor de ciertos sujetos un derecho preferente a readquirir las propiedades del Estado. Para ello, la propiedad debe haber perdido su utilidad pública o que “aunque no h[a] dejado de ser de utilidad pública, no se est[á] utilizando actualmente y constituye una transacción beneficiosa para el Estado... la enajenación o arrendamiento de l[a] mism[a], según sea el caso”. Exposición de Motivos, Ley Núm. 122-1991 (1991 (Parte 1) Leyes de Puerto Rico 979). Este derecho preferente ha sido plasmado en la Ley Núm. 12.(2)
En extrema síntesis, la Ley Núm. 1 establece un proce-dimiento para que el Estado, sus agencias, instrumentali-dades o municipios enajenen bienes —expropiados o adqui-ridos de cualquier otra forma— que dejaren de ser de utilidad pública. (3) Ello sin la previa autorización de la Asamblea Legislativa de forma tal que se agilicen los trá-mites administrativos, se reduzcan los costos de manteni-miento de las propiedades y se aumenten los ingresos del erario. Sin embargo, la Asamblea Legislativa incorporó el derecho preferente de readquisición mencionado. En lo pertinente, el Art. 2 dispone que
[l]as personas naturales o sus herederos, así como las per-sonas jurídicas, a quienes cualquier departamento, agencia, instrumentalidad del Estado Libre Asociado de Puerto Rico o municipio le hubiere expropiado o adquirido bienes en cual-quier otra forma, tendrán derecho preferente a readquirir su propiedad cuando el titular de los mismos resolviese enajenar total o parcialmente los bienes así adquiridos que dejaren de *199 ser de utilidad pública.(4) 28 L.P.R.A. sec. 31a.
No cabe duda de que la Asamblea Legislativa ha ejer-cido su prerrogativa con respecto a la enajenación de los bienes que ha adquirido el Estado, cualquier departa-mento, agencia, instrumentalidad o municipio. Para ello ha creado un procedimiento, ha delimitado el precio de venta y ha establecido un orden de preferencia de adquirentes. Tal es el caso, que ha reconocido un derecho preferente de readquisición. No podemos ser indiferentes a la intención legislativa.
Es decir, cuando los elementos establecidos en la ley se configuran, surge el derecho preferente de readquisición. Se derrotaría el fin mismo de la ley si no se permite acudir a los tribunales cuando esto ocurra por existir una Senten-cia previa que desestima con perjuicio la acción.(5)
Ciertamente, no hay razón para variar el dictamen de que la Ley Núm. 12 no aplicaba al caso en atención a las circunstancias que examinó el tribunal en ese momento. Sin embargo, dado a que posteriormente pueden ocurrir cambios en las circunstancias que autoricen la aplicación de la Ley Núm. 12, la acción no debe desestimarse con efecto de cosa juzgada.
Por los argumentos antes expresados, disiento respetuo-samente de la Sentencia emitida por el Tribunal.

 La “Familia Rosso” incluye a los demandados y apelados en el caso E.L.A. v. Rosso, 95 D.P.R. 501 (1967).

 La Ley Núm. 12 de 10 de diciembre de 1975, según enmendada, 28 L.P.R.A. sec. 31a.

 La Ley Núm. 12 ha sido enmendada en varias ocasiones. Es de notar que la enmienda incorporada por la Ley Núm. 82 de 2 de julio de 1987, Leyes de Puerto Rico 314, extendió el uso de la Ley Núm. 12 de 10 de diciembre de 1975 para la administración y enajenación de propiedades estatales que dejaron de ser de utilidad pública, sin importar la forma en que fueron adquiridas y no solo aquellas adquiridas mediante expropiación forzosa.

 Otros requisitos pueden aplicar, tales como términos de ocupación. 28 L.P.R.A. sec. 31a. Además, “[e]l titular... en lo referente a las propiedades del Estado Libre Asociado de Puerto Rico lo es el Secretario del Departamento de Transporta-ción y Obras Públicas. En cuanto a las demás propiedades el titular lo será el depar-tamento, agencia, instrumentalidad del Estado Libre Asociado de Puerto Rico o mu-nicipio que ha adquirido la propiedad”. 28 L.P.R.A. sec. 31c.
Por otro lado, la enmienda provista por la Ley Núm. 82 de 2 de julio de 1987 busca “proveer un mecanismo uniforme para la administración y enajenación de propiedades del Estado que han dejado de ser de utilidad pública, no importa la forma en que fueron adquiridas”. Exposición de Motivos, 1987 Leyes de Puerto Rico 314.

 La desestimación tiene el efecto de adjudicación en los méritos y, por lo tanto, de cosa juzgada. Regla 43.1 de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III (ed. 2001)).